UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:91-CR-52 |
| | ) | |
| RODNEY LEE TIPTON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANUM AND ORDER**

This matter is before the Court on the Defendant's *pro se* motions for an order that his federal supervision time is satisfied [Docs. 194, 195].  In support of the motion, Defendant states that his term of supervised release was to run concurrent with his state sentence and that no period of supervised release remains after completion of his state sentence.

In 1992, Defendant was convicted by a jury for kidnapping, transporting the victim across state lines, and using a firearm during a crime of violence.  He was sentenced to a total term of 248 months to be served concurrent to the 33-year sentence he received in state court based on convictions arising from the same criminal action.

Defendant's convictions were affirmed on direct appeal; his motion to vacate under 28 U.S.C. § 2255 was denied; and his applications for authorization to file a second or successive § 2255 motion likewise was denied [Doc. 196].

The Probation Office has informed the Court that Defendant was released from state custody and he commenced serving his term of supervised on the federal charges on December 20, 2013.

18 U.S.C. § 3624(e) provides in pertinent part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. **A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.**

*Id.* (emphasis added). In *United States v. Johnson,* 529 U.S. 53 (2000), the Supreme Corut adopted the "commonsense" meaning of release and held that a defendant has not been released if still imprisoned. *Id* at 57. Thus, a term of supervised release generally does not run concurrently to a term of imprisonment, but runs only after imprisonment concludes. *Id.* Defendant's imprisonment concluded when he was released on December 20, 2013. Thus, Defendant's motions for an order that his federal supervision time is satisfied are without merit.

To the extent that Defendant's motions could be construed as a motion for early termination of his supervised release 18 U.S.C. § 3583(e) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is

2

Case 3:91-cr-00052-PLR-CCS   Document 198   Filed 02/05/14   Page 2 of 3   PageID #: 51

warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Defendant does not qualify for early termination of his supervised release under the statute. Defendant commenced service of his 5-year term of supervised release on December 20, 2013. He is not eligible for consideration of early termination until he has served at least one year of supervised release.

Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have not been satisfied, the Court finds Defendant's motions for early termination of supervised release [Docs. 194, 195] are not well taken, and the motions are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE