UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.: 3:91-CR-52-PLR-CCS |
| | ) | |
| RODNEY LEE TIPTON | ) | |

## **MEMORANUM AND ORDER**

This matter is before the court on the petition of the United States Probation Office to modify the defendant's conditions of supervised release [R. 199]. Defendant's supervising probation officer seeks to impose certain special conditions including a psychosexual assessment, polygraph testing, and unrestricted searches of defendant's person, residence, vehicle, or any area over which he exercises control. Defendant opposes any such modifications as being unrelated to his offense of conviction and a significant and unnecessary intrusion [R. 205, 207]. The government has submitted a response to the defendant's objections [R. 206].

### **Facts**

On January 7, 1991, defendant and his co-defendant, Bobby Davis, kidnapped a woman at gunpoint from her car in Maryville, Tennessee. During the kidnapping, that lasted over one day and involved interstate travel, the victim was raped repeatedly by both men. The victim was ultimately able to leave the motel room where she was held prisoner and summon the police.

On January 8, 1991, defendant was charged with aggravated rape and aggravated robbery in Blount County, Tennessee. Following a jury trial, defendant was found guilty of both charges and sentenced to 25 years for the aggravated rape and eight years for the aggravated robbery, to be served concurrently.

On April 17, 1991, defendant was charged with kidnapping, and carrying a firearm during and in relation to a crime of violence, in the United States District Court for the Eastern District of Tennessee. On January 9, 1992, a jury found defendant guilty on both charges. On September 11, 1992, United States District Judge Thomas G. Hull sentenced defendant to 188 months for the kidnapping and 60 months for the firearm offense, to run consecutively for an effective sentence of 248 months. Judge Hull ran the federal sentences concurrent to the state sentences, followed by a five-year term of supervised release. The court imposed standard conditions of release, but did not order sex offender treatment and/or assessment. At the time he was sentenced by Judge Hull, defendant was thirty-six years old.

After serving approximately twenty-two years in prison, defendant was released to federal supervision on December 21, 2013. Defendant was released without any state parole supervision, but is required to register as a sex offender for life, pursuant to state law. Under the conditions of his federal supervision, defendant is required to participate in a program approved by the Probation Office for substance abuse and is prohibited from possessing a firearm, in addition to the standard conditions of supervision. Following his release from prison, defendant obtained employment as a maintenance man at his family's trailer park in Blount County, Tennessee. In the petition, the probation officer

2

expresses concern that defendant's employment provides special access to "individuals in the trailer park that may be particularly vulnerable due to income, education, or lack of resources." Defendant, in an effort to appease these concerns, has obtained alternative employment. He no longer works in the trailer park community. Defendant is currently employed as a bus painter.

The probation officer assigned to supervise defendant states that, while imprisoned, defendant did not receive a psychosexual evaluation or sex offender treatment. The probation officer, during an interview with defendant, presented him with modified conditions of supervised release. Defendant refused to agree to the modifications. On February 10, 2014, the probation officer filed the instant petition, which includes the following four special conditions:

> 1. The defendant shall submit to a psychosexual assessment at his own expense, as directed by the probation officer. The defendant shall waive all rights to confidentiality regarding the psychosexual evaluation in order to allow release of information to the United States Probation Officer and the treatment providers.
>
> 2. The defendant shall have no direct or third party contact with the victim in this case by any means available to him.
>
> 3. The defendant shall submit to polygraph testing at his own expense, as directed by the probation officer, in order to determine if he is in compliance with the conditions of supervision, or to facilitate sex offender evaluation and/or treatment. The defendant shall be truthful during polygraph evaluations.
>
> 4. The defendant shall submit his person, residence, vehicle, or any area over which he exercises control to a search conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, without prior notice or search warrant, in order to determine if the defendant is in compliance with the conditions of supervision. The

3

> defendant shall warn anyone with whom he resides that the premises may
> be subject to searches pursuant to this condition.

[R. 199]. On July 10, 2014, defendant waived his right to a hearing pursuant to Federal Rule of Civil Procedure 32.1(c), and asked the court to consider this matter based upon the written pleadings filed by the parties [R. 205-1].

The defendant argues that since his release approximately ten months ago, he has not violated his conditions of release, and there has been no change in circumstances warranting a change in his conditions of supervision. Therefore, he objects, in part, to the proposed modifications requested by the Probation Office. Defendant states he has no objection to the request listed in Condition No. 2 (that he have no contact with the victim in this case). He also has no objection to Condition No. 4 (authority to conduct searches of his person and residence), but asks the court to clarify the legal standard associated with this condition, in order to better define the parameters of this directive. With regard to Condition No. 1 (psychosexual assessment) and Condition No. 3 (polygraph testing), defendant avers that the petition fails to establish legal grounds for imposition of those requirements. Defendant states there is no indication that he has committed a sex offense, or any other offense, during the last twenty-three years. He completed his term of imprisonment without incident, and has complied with every directive of his supervising probation officer. For these reasons, defendant submits that Condition No. 1 and Condition No. 3 are unnecessary and unsupported by Sixth Circuit jurisprudence.

The government responds that defendant is serving a supervised release term for kidnapping and firearm offenses, which are not sexual on their face, but are offenses

which are inextricably intertwined with the sexual offense for which defendant is required to register as a sex offender. Defendant committed both the sexual and non-sexual offenses simultaneously. The Probation Office has identified the modified conditions as necessary to identify any risks to the victim and/or community that need to be considered and addressed through supervision. The government further argues that without a psychosexual assessment, and polygraph testing, the probation officer is at a disadvantage in supervising the defendant, protecting herself when dealing with defendant, and in aiding defendant's full reintegration to society. As regards the request to search defendant and his property, the probation officer has articulated a need to search defendant and his property to ensure that he is not harboring weapons or other contraband. Given the severity of defendant's crimes and his return to the community where he committed the crimes, the government asks the court to modify defendant's conditions of supervised release as recommended by the Probation Office.

## Analysis

Under 18 U.S.C. § 3583(d), the court may impose "special" conditions of supervised release that it deems appropriate. *United States v. Modena,* 302 F.3d 626, 636 (6th Cir. 2002); 18 U.S.C. § 3583(d). To impose such special conditions, however,

> the district court must determine, among other things, that the condition is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

5

*Id.* In addition, the condition must involve "no greater deprivation of liberty than is reasonably necessary" for the sentencing purposes and must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Thomas,* 212 Fed.Appx. 483 (6th Cir. 2007).

The Sixth Circuit addressed the propriety of sex offense related conditions in two cases, *United States v. Carter,* 463 F.2d 526 (6th Cir. 2006) and *United States v. Thomas,* 212 Fed.Appx. 483 (6th Cir. 2007). In *Carter,* the defendant was convicted of being a felon in possession of a firearm, served his custodial sentence, and was released on supervised release. However, the defendant violated the terms of his supervised release, and was sentenced to an additional term of imprisonment, followed by an additional term of supervised release. The government moved to include a special condition of supervised release that defendant participate in a sex offender treatment program, including polygraph testing. The district court granted the government's motion, and the defendant appealed. On appeal, the Sixth Circuit vacated the special condition because it was not reasonably related to the nature and circumstances of the offense or the history and characteristics of the defendant. The Sixth Circuit held that, although it could consider the entire record in determining whether the condition was reasonably related to the history and characteristics of the defendant, the defendant's previous convictions were too remote in time for the special conditions to be reasonably related. *Carter,* 463 F.2d at 532; *see also United States v. Scott,* 270 F.3d. 632, 633 (8th Cir. 2001) (holding that a gap of fifteen years was too remove); *United States v. T.M.,* 330 F.3d 1235, 1240 (9th Cir. 2003) (holding that a gap of twenty years was too remote).

6

Similarly, in *Thomas*, the Sixth Circuit vacated the special condition that the defendant participate in a sex offender assessment program because the condition did not bear a reasonable relation to the nature of the offense or the history and characteristic of the defendant. The court held that a nineteen year gap between the conviction and the imposition of the condition was too remote under *Carter*. *Thomas,* 212 Fed.Appx. at 488.

Here, the petition does not establish legal grounds for requiring defendant to undergo a psychosexual evaluation nearly twenty-two years after he was originally sentenced in federal court. The petition does not provide any specific facts to show that defendant has a propensity to commit future sex offenses. The defendant's history contains one single sex offense, albeit a heinous crime. He does not have a prolonged history of committing sex offenses; in fact, he has not committed a new sex offense over the last twenty-three years. In addition, defendant has not exhibited a pattern of violent conduct towards other individuals, whether in prison or on supervised release. Defendant served over two decades in prison and was released without reoffending in any way. Therefore, the special conditions seem unlikely to serve the goals of deterrence or public safety since the behavior on which the special conditions are based, though reprehensible, has ceased.

In *United States v. Curtis,* 2009 WL 211119, the Honorable Leon Jordan rejected the Probation Office's request for a modification to include sex offender treatment. Judge Jordan found the petition's reliance on "fairly remote" convictions did not provide sufficient legal grounds for modification. *Id.* at 4. Relying on *Carter* in his analysis,

7

Judge Jordan reasoned that "there is no evidence that the defendant has a propensity to commit future sex offenses, or that he has repeated his behavior since 1998." *Id.* Here, the sex offense took place twenty-three years ago. The fact that defendant has lived the last twenty-three years without committing a sex offense suggests that he no longer needs to be deterred or shielded from the public. Thus, the facts in this case do not provide a legal basis to impose Condition No. One or Condition No. Three.

Moreover, the requested modification is a significant intrusion into defendant's liberty interests. In *United States v. McLaurin,* the Second Circuit vacated a condition requiring a psychosexual assessment which included a plethysmograph test. The court stated that "nonroutine manipulative procedures on bodily integrity will be subject to heightened scrutiny to determine, *inter alia,* whether there are less intrusive alternatives available." *Id.,* 731 F.3d 258, 262 (2nd Cir. 2013),

The court finds, under the circumstances of this case, that the conditions for psychosexual assessment and polygraph testing have no reasonable relationship to deterrence, public protection, or rehabilitation. Defendant is required to register as a sex offender, and he has complied with the restrictions imposed on him by the State of Tennessee. Defendant is required to visit the state office four times a year in order to maintain current registration. Defendant has fulfilled the state requirements without issue following his release from custody. The petition does not contain any facts that indicate defendant is at risk to violate these safeguards, nor his conditions of supervision with the Probation Office. The record shows that defendant has maintained steady employment, has found proper housing, and has begun the process of rebuilding his life. Defendant

8

has agreed to Condition No. Two and will agree to Condition No. Four if clarified by the court.

When considering the relevant case law and the statutory factors, the petition fails to establish sufficient legal grounds for the requirements in Condition No. One and Condition No. 3. The court finds these conditions overly intrusive, and the 1991 rape conviction used to support the conditions is too remote in time to warrant them. The Probation Office presents no evidence that defendant has a propensity to commit future sex crimes, or that he has repeated the conduct charged in the 1991 case. Under these circumstances, the statutory goals of deterrence and public safety are more than fulfilled without the additional conditions.

This does not mean, of course, that if the defendant becomes noncompliant with his restrictions, the court would not reconsider its decision. But for now, the court finds that the conditions sought by the Probation Office are a "greater deprivation of liberty than is reasonably necessary." *See* 18 U.S.C. § 3553(d)(2).

Accordingly, the Probation Office's petition will be **GRANTED in part and DENIED in part as follows:**

    1.    The defendant shall have no direct or third party contact with the victim in this case by any means available to him. *See* Local Rule 83.10(b)(2).

    2.    The defendant shall submit his person, residence, vehicle, or any area over which he exercises control to a search conducted by a United States Probation Officer, *with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant,* at a reasonable time and in a reasonable manner, without prior notice or search warrant, in order to help determine if the defendant is compliance with the conditions of supervision. The defendant shall warn anyone with

9

whom he resides that the premises may be subject to searches pursuant to this condition. *See* Local Rule 83.10(b)(12).

In all other respects, the petition of the Probation Office is **DENIED.**

   IT IS SO **ORDERED**.

   Enter:

                              _____
                              **UNITED STATES DISTRICT JUDGE**