UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:91-CR-52-PLR-CCS |
| | ) | |
| RODNEY TIPTON, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter came before the undersigned on June 10, 2016, for a preliminary hearing and a detention hearing to determine whether the Defendant should be release pending his revocation hearing before the District Court. See 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1. Assistant United States Attorney David Jennings, and intern Lee Davies, Jr., appeared on behalf of the Government. Attorney Jonathan Moffatt appeared on behalf of the Defendant, who was also present.

The Court conducted an evidentiary hearing at which time United States Probation Officer Jennifer Fletcher was the sole witness for the Government. Ms. Fletcher testified that while on supervised probation, the Defendant committed a state crime in violation of the conditions of his supervision. Specifically, Ms. Fletcher testified that the Defendant was arrested on May 24, 2016, for Possession of Schedule VI with Intent to Manufacture, in violation of Tennessee Code Annotated § 39-17-417. The Government introduced two exhibits into the hearing.

Exhibit 1 was an Affidavit of Complaint from the General Sessions Court of Blount

County, Tennessee. The affidavit explained that while the Defendant was initially stopped for a traffic violation, the arresting officer could smell an alcoholic odor on the Defendant's breath. The Defendant conceded that he had been drinking, but passed filed sobriety tests. Because the Defendant continued to appear nervous, the arresting officer asked for permission to search the vehicle. The Defendant consented to the search and advised the officer that marijuana plants would be found in the rear of his vehicle. Upon searching the vehicle, 17 marijuana plants, which were covered by an egg crate, were discovered along with a plastic hose and additional potting supplies. On cross-examination, Ms. Fletcher testified that since the Defendant's release from prison, he has had no other violations and has passed all of his drug screens.

Exhibit 2 was a case note entry prepared by probation officer Rhonda Monger, which memorialized the Defendant's self-report with regard to his May 24 arrest. The Defendant reported to Ms. Monger that he knew the plants were marijuana plants, that they had come from his garden, and that he was transporting them at the time he was stopped by law enforcement, but stated that he was unaware how the marijuana plants had gotten into his garden.

The Defendant then called LeAnn Lambert as a witness. Ms. Lambert testified that she is a bus contractor for Blount County schools and owns 12 buses. She stated that the Defendant performs mechanical work on the buses three to four times a week. If released pending his revocation hearing, Ms. Lambert testified that the Defendant would be able to continue working for her on a consistent basis.

The Defendant also introduced an exhibit into the hearing by way of proffer. Marked as Exhibit 3, the Defendant introduced a letter written by Mark Major, manager of Hickory

Corner Mobile Home Park. The letter explained that the Defendant is a valued employed by the mobile park where he provides waste disposal services and urgent water repair services.

Based upon the testimony and evidence presented at the June 10 evidentiary hearing, the Court finds that pursuant to Federal Rule of Criminal Procedure 32.1(b)(1), there is **PROBALBE CAUSE** to believe that the Defendant violated the conditions of his supervision by committing a state crime, as set forth more fully in the Affidavit of Complaint. The Court bases it's finding on the Defendant being found in possession of 17 marijuana plants and other potting supplies, and the fact that the marijuana plants were concealed under an egg crate. These factors, taken together, suggest that the Defendant was not planning on disposing them in the trash.

With regard to detention, the Court observes that a defendant appearing for an alleged violation of probation or supervised release shall be detained unless there is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(a)(6). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. In light of the testimony, exhibits, proffer, and arguments of the parties, the Court finds that the Defendant has not carried his burden by clear and convincing evidence that he does not pose a danger to the community if released based upon the following: (1) The Defendant was drinking and driving at the time of his arrest. While the Defendant was not charged with driving under the influence, his actions nonetheless pose a danger to others. Moreover, the Defendant provided no explanation for his conduct which causes a
3

concern that he will do it again. (2) The Defendant was found with 17 marijuana plants, potting supplies, and is faced with a manufacturing charge. Furthermore, the Defendant conceded he knew he was in possession of marijuana. The circumstances surrounding the charge appear to suggest that the Defendant acted carefully in removing the marijuana plants and intended to do more than throw them away. Again, the Defendant offered no explanation for his conduct. There was no explanation as to what he was doing with the marijuana plants or where he was taking them, and no evidence was presented that would suggest he was seeking to dispose of them. Possession (of any type) of an illegal drug poses a danger to the community and manufacturing the same only increases the risk of harm to others.

While the Defendant presented evidence that he works and is a valuable employee, the Court remains concerned about his conduct. The Defendant's lengthy prison term does not appear to have deterred him from engaging in dangerous behavior. Accordingly, the Defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will reasonably assure the safety of individuals or the community if the Defendant were released. Therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Defendant is

**ORDERED** to appear for a revocation hearing before United States District Judge Pamela L. Reeves on **July 7, 2016, at 9:30 a.m.**

    **IT IS SO ORDERED.**

                                      ENTER:

                                               s/ C. Clifford Shirley, Jr.
                                            United States Magistrate Judge